The STATE of Ohio, Appellee,

v.

CARPENTER, Appellant.

[Cite as *State v. Carpenter* (1992), 83 Ohio App.3d 842.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–06–070.

Decided Nov. 23, 1992.

*Donald W. White*, Clermont County Prosecuting Attorney, and *David Henry Hoffmann*, Assistant Prosecuting Attorney, for appellee.

*Charles J. Tekulve*, for appellant.

JONES, Presiding Judge.

Defendant-appellant, Joseph K. Carpenter, Jr., appeals his conviction in Clermont County Municipal Court for failure to yield in violation of R.C. 4511.44. The trial judge fined appellant $25.

The testimony at trial indicated that on March 15, 1992, George Kirch ("Kirch") was driving his automobile westbound on Clough Pike in Clermont County. His wife, Joann Kirch, was a passenger in the automobile. As Kirch approached the intersection of Clough Pike and Mt. Carmel–Tobasco Road, he observed a truck blocking his path. Kirch applied the brakes but his automobile struck the front wheel of the truck's tandem axle.

After the collision, the truck left the scene. Kirch followed the truck and attempted to signal the driver. The truck continued to I–275 without stopping.

Kirch was able to obtain the truck's license number, and he telephoned 911 from a nearby gas station. State Trooper Scott responded to the call and began an investigation.

The next day, the Kirches returned to the accident scene to take photographs. A woman approached them and identified herself as Tammy Carpenter ("Carpenter"). Carpenter stated that appellant, her husband, was driving the truck that the Kirches' vehicle struck. Subsequently, Trooper Scott telephoned appellant and advised him that a citation for violating R.C. 4511.44 had been issued. Appellant signed for the ticket at a State Highway Patrol post.

At trial, over the objection of appellant, the state called Carpenter as a witness. She testified that she observed the accident and that appellant was driving the truck with which the Kirches' automobile collided. Carpenter stated that appellant had driven the truck out of their driveway onto Clough Pike. Carpenter was the only witness who identified appellant as the driver.

In his sole assignment of error, appellant argues that the trial court erred in allowing Carpenter to testify that appellant was the driver of the truck. We agree and reverse the conviction.

At issue in this case is whether Evid.R. 601, which governs a spouse's competency to testify against the other spouse in a criminal case, and/or R.C. 2945.42, which classifies as privileged certain marital communications and acts, bar Carpenter's testimony. We first address Evid.R. 601, effective July 1, 1991, which states in pertinent part as follows:

"Every person is competent to be a witness except:

" * * *

"(B) A spouse testifying against the other spouse charged with a crime except when either of the following applies:

"(1) A crime against the testifying spouse or a child of either spouse is charged;

"(2) The testifying spouse elects to testify."

Clearly, this case does not fall under the Evid.R. 601(B)(1) exception as appellant was not charged with a crime against Carpenter or their children. Therefore, unless Carpenter elected to testify under Evid.R. 601(B)(2), she was an incompetent witness.

Under Evid.R. 601(B), the decision whether one spouse may testify against the other spouse in a criminal case no longer rests with the defendant spouse. The testifying spouse now makes that choice. The testifying spouse cannot be compelled to testify, however. Staff Note to Evid.R. 601.

In the present case, there is no showing that Carpenter made a conscious choice to testify against appellant. A subpoena issued by the state required Carpenter to appear at trial and the record indicates that she was not informed of the spouse's right *not* to testify. Thus, it appears that the state compelled Carpenter to testify, which Evid.R. 601 does not permit. Since neither the state nor the trial court provided Carpenter with an opportunity to choose whether or not to testify, we find that Carpenter did not *elect* to testify for purposes of Evid.R. 601(B). Accordingly, Carpenter was not a competent witness.

In addition to finding Carpenter incompetent under Evid.R. 601(B), we conclude that appellant had a substantive right to exclude Carpenter's testimony under the spousal privilege provisions of R.C. 2945.42.[1] R.C. 2945.42 states in pertinent part as follows:

"Husband or wife shall not testify concerning a communication made by one to the other, or act done by either in the presence of the other, during coverture, unless the communication was made or act done in the known presence or hearing of a third person competent to be a witness, or in the case of personal injury by either the husband or wife to the other, or rape or felonious sexual penetration in a case in which the offense can be committed against a spouse, or bigamy, or failure to provide for, or neglect or cruelty of either to their children under eighteen years of age or their physically or mentally handicapped child under twenty-one years of age, or neglect or abandonment of such spouse under such sections. The presence or whereabouts of the husband or wife is not an act under this section. The rule is the same if the marital relation has ceased to exist."

Applying this statute to the facts of the present case, we find that the subject of Carpenter's testimony satisfies the requirements of R.C. 2945.42. Appellant performed an act in the presence of Carpenter, his wife, when he drove the truck out of his driveway onto Clough Pike and the act occurred while Carpenter and appellant were married. Although the Kirches were present at the scene, the prosecution offered no evidence that their presence was "known" to appellant. In addition, Carpenter was not a victim of a crime, nor was a child of the Carpenters under the age of eighteen, or a physically or mentally handicapped child under the age of twenty-one, a victim of a crime.

---

1. R.C. 2945.42 also addresses spousal competency. However, because Evid.R. 601(B) is a rule of procedure prescribed by the Supreme Court, it supersedes the conflicting portions of R.C. 2945.42 dealing with spousal competency. Section 5, Article IV, Ohio Constitution. See, also, *State v. Rahman* (1986), 23 Ohio St.3d 146, 23 OBR 315, 492 N.E.2d 401. Because Evid.R. 601(B) and R.C. 2945.42 are in conflict on the issue of one spouse's competency to testify against the other spouse charged with a crime, Evid.R. 601(B) is controlling. The spousal privilege in R.C. 2945.42 remains applicable. See Evid.R. 501.

Again, R.C. 2945.42 provides that a spouse may not testify concerning an act done by one spouse in the presence of the other, with certain exceptions. Because none of the statutory exceptions has been met, Carpenter's testimony was privileged and appellant was entitled to have it excluded. Appellant's objection to Carpenter's testimony at trial should have been sustained.

Since (1) Carpenter was an incompetent witness and (2) Carpenter's testimony was privileged and appellant had the right to exclude it, the trial court improperly allowed the testimony. Appellant's sole assignment of error is sustained and he is entitled to a new trial.

*Judgment reversed*
*and cause remanded.*

KOEHLER and WILLIAM W. YOUNG, JJ., concur.